IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **STEPHON SUGGS,** | : | |
| | : | |
| Plaintiff | : | |
| | : | CASE NO. 5:23-CV-357-MTT-CHW |
| VS. | : | |
| | : | |
| Doctor STEVENS, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| Defendant | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |
| _____ | | |

### ORDER

*Pro se* Plaintiff Stephon Suggs, a prisoner at Telfair State Prison in Helena, Georgia, has filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion for the appointment of counsel (ECF No. 3).

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing

a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is also unable to pay an initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him

prior to the collection of the full filing fee.

  II.  Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR THE APPOINTMENT OF AN ATTORNEY**

Plaintiff has motioned this Court to appoint him an attorney. ECF No. 3. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff filed a complaint under § 1983 in which he sets forth factual allegations. *See generally* ECF No. 1.  The applicable legal doctrines in Plaintiff's claims are readily apparent, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case.  *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993).  Plaintiff has demonstrated his ability to present his claims to the Court for review. As such, Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

### INITIAL REVIEW OF PLAINTIFF'S COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Here, Plaintiff's complaint in its present form is subject to dismissal under 28 U.S.C. § 1915A(a) for failure to state a claim.  First, Plaintiff lists the name of his Defendant as "mental health Doctor Steven true name not sure of at this time." *Id*. at 2.  Plaintiff cannot simply guess at the name of his Defendant. As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).  The one exception to this

---

to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean*, 951 F.2d at 1215-16). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted). Merely stating a probable name of a Defendant and stating they are a contracted medical provider at several prisons within the Georgia Department of Corrections, as Plaintiff has presently done (ECF No. 1 at 2-3), is not sufficient to identify an appropriate Defendant in a civil action. It is Plaintiff's responsibility (not this Court's) to investigate his case so that he may adequately identify a Defendant in his civil action. Therefore, Plaintiff must make every effort to gain the identity of his Defendant.

Moreover, Plaintiff's complaint regarding the loss of his property fails to state a claim under § 1983. "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). As to the third element, it is recognized that '[d]ue process is a flexible concept that varies with the particular situation." *Cryder*, 24 F.3d at 177. As to the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.*; *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.* Because Georgia law provides an adequate post-deprivation remedy through O.C.G.A. § 51-10-1, Plaintiff fails to state a § 1983 claim for the loss of his personal property. *See McLaughlin*, 569 F. App'x at 658 (concluding that the district court did not err in dismissing the plaintiff's procedural due process claim regarding prisoner's stolen packages); *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (upholding district court's dismissal of prisoner's claim that correctional officers were illegally confiscating the prisoner's personal property).

Plaintiff also appears to complain about being transferred between multiple prisons within the Georgia Department of Corrections. State prisoners do not have a federal constitutional right as to which state prison they are to be incarcerated in to serve their sentences. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Fano*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973). As such, "a federal

6

court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted). Thus, this Court has no authority to address the transfer of Plaintiff between state prisons or to order that Plaintiff serve his sentence in any particular prison within the state system. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"). Similarly, Plaintiff cannot be granted a release from state imprisonment as a remedy to a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (release from custody is not available as a remedy in a § 1983 action); *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("relief of an Eighth Amendment violation does not include release from confinement."); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the … duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("[E]ven if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim.").

Plaintiff also alleges that Defendant engaged in "unlawful medical malpractice." ECF No. 1 at 8. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see*

*also Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir.1991).  Simply put, medical malpractice is not civil rights violation and thus is not a viable claim under § 1983.  *See Valderrama v. Rousseau*, 780 F.3d 1108, 1116 (11th Cir. 2015).

Plaintiff also injects an allegation that "as a result of all the above and much more still being unlawfully forced upon and against Plaintiff by folks mention above. Their gross misconduct having cause Plaintiffs cases to be dismissed from courts. Because defendant having unlawfully taken Plaintiff personal and legal documents having cause Plaintiff to be unable to work said cases that was dismissed by the Courts".  ECF No. 1 at 7.  If this is an attempt to raise a claim that his access to the courts has been unconstitutionally impeded by the listed Defendant or any other unnamed Defendant, then Plaintiff's present assertions are wholly insufficient to do so.  "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment."  *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'"  *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).  In other words, "[t]he injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." *Cunningham v. Dist. Attorney's Office for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010).  Here, Plaintiff has failed to specifically cite to any such lawsuit or appeal to support

8

his claim. *See* ECF No. 1. Plaintiff has only offered a vague and conclusory assumption that whatever items were lost during his transfer between prisons has led to the dismissal of what would have been an otherwise nonfrivolous lawsuit or appeal. *Id*. at 7. Therefore, Plaintiff has failed to show any actual injury as required for an access to the courts claim.

Lastly, Plaintiff's pleading is a rambling and often incoherent diatribe about events not attributed to or even involving his listed Defendant Doctor Stevens. *See* ECF No. 1. For instance, Plaintiff prattles about being "kidnapped from the Superior Court in Tattnall County", being falsely imprisoned, being a "victim of ongoing criminal conspiracy; obstructing justice, assault and Batt. excessive force by G.D.C staff/officer and its contracted medical staff". *Id*. at 2. These protestations and more such circumstances cited throughout Plaintiff's complaint appear to involve court personnel, corrections officers, and other individuals from multiple locations whom he has not named as Defendants nor do the actions of these individuals seem to have any correlation with the claims Plaintiff may be raising regarding Defendant Dr. Stevens. *Id*. at 2-8. Plaintiff further infuses his complaint with confusing legalese and proselytization such as "Defendant Steven actions violate plaintiffs inalienable right to life, liberty and security of person to recognition everywhere as a person before the law because we all are endowed with reason and conscience and should act toward one another in spirit of Brotherhood! Pursuant to Declaration of Independence, and also secured by the United States Constitution Article VI section (2) two U.S. Con, Treaties thereof… " *See* ECF No. 1 at 8-9. It is difficult to parse out from Plaintiff's "word salad" what actions by what actual persons led Plaintiff to file his Complaint, what are truly his claims in this Complaint, and whether he suffered any

actual injury from the claim he may be pursuing at this time.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects in his complaint. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Thus, if Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form and take the Court's advice to simply state an appropriate claim in everyday language and not attempt to fill his complaint with legalese and extraneous irrelevant banter. Plaintiff is further cautioned that the opportunity to recast his complaint is not an invitation for him to include every imaginable claim that he may have due to his incarceration in the prison system from the time of his conviction as he appears to have done in the present complaint. Just because alleged events occur during the entire course of a prisoner's incarceration does not necessarily make claims about those allegations related under the Federal Rules of Civil Procedure. *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010). A plaintiff may not join unrelated claims and defendants in a single action. *See generally* Fed. R. Civ. P. 20. Accordingly, Plaintiff is directed to limit his complaint only to defendants and claims that may be permissibly joined pursuant to the Federal Rules of Civil Procedure.

The recast complaint must contain a caption that clearly identifies by name each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly identify each Defendant and demonstrate that each Defendants' actions or

omissions resulted in the violation of his constitutional rights. It is recommended that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each Defendant to which the claim is attributed:

    (1)    What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

    (2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[2]

    (3)    When and where did each action occur (to the extent memory allows)?

    (4)    How were you injured because of this Defendant's actions or inactions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

    (5)    What legally permissible relief do you seek from this Defendant?

---

[2] It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Plaintiff is hereby notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed, or in the alternative, this entire civil action may be dismissed for failure to comply with the Federal Rules of Procedure or otherwise follow an order of the Court. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for …. failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(a)"); *Skillern*, 379 F. App'x at 860 ("[T]he district court did not abuse its

discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with … Rule 20(a)").

Plaintiff is to honestly, thoroughly, and completely answer each question presented in the Court's standard § 1983 complaint form.  The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  Plaintiff should not otherwise use legal terminology or cite any specific statute or case law.  Plaintiff is not to include any exhibits or attachments.  ***The recast complaint must be no longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.  Plaintiff's request for the appointment of an attorney (ECF No. 3) is **DENIED**.  Plaintiff is **ORDERED** to refile his complaint on the Court's standard § 1983 form as instructed within **FOURTEEN (14) DAYS** from the date of this Order.  While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process upon any Defendant until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Court's order.

So **ORDERED and DIRECTED**, this 19th day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE